UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) CIVIL ACTION NO. DR-25-CV-00014 |
| | ) |
| TWO PRIVATELY MANUFACTURED | ) |
| CAL .223 SHORT BARRELED RIFLES, | ) |
| | ) |
| Respondent. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE**

Comes now Petitioner United States of America, by and through the Acting United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules Civil Procedure, and respectfully states as follows:

**I.**
**NATURE OF THIS ACTION**

This action is brought by the United States of America seeking forfeiture to the United States of the following property:

- **Two Privately Manufactured CAL .223 Short Barreled Rifles**,

hereinafter referred to as the Respondent Property.

**II.**
**JURISDICTION AND VENUE**

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A) because the acts

or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Property is found in this district.

### III.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for the violation of Title 26 U.S.C. § 5861(d), and subject to forfeiture to the United States of America pursuant to Title 26 U.S.C. § 5872, which states:

> **Title 26 U.S.C. § 5872. Forfeitures**
> **(a) Laws applicable-** Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture. . .

### IV.
### FACTS IN SUPPORT OF VIOLATIONS

1. On August 27, 2024, George F. Rios Jr was in possession of two short barreled rifles with a barrel length of less than 16 inches. A short barreled rifle is a type of firearm that is regulated by the National Firearms Act (NFA), Chapter 53 of the Internal Revenue Code.

2. The Internal Revenue Code, with the exception of the NFA, is administered and enforced by the Secretary of the Treasury. When the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) transferred to the Department of Justice under the Homeland Security Act of 2002, all its authorities, including the authority to administer and enforce the NFA, were transferred to the Attorney General. In order to keep all the references throughout the Internal Revenue Code consistent, references to the Secretary of the Treasury in the NFA were left unchanged by the Homeland Security Act. However, section 7801(a)(2), Title 26, U.S.C., provides that references to the term "Secretary" or "Secretary of the Treasury" in the NFA shall mean the Attorney General.

3. Title 26, United States Code, § 5861(d) makes it unlawful for any person to receive or possess a firearm (NFA short-barreled rifle) which is not registered to him in the National Firearms Registration and Transfer Record.

4. Title 26, United States Code, § 5841 states, "The Secretary shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include identification of the firearm; date of registration; and identification and address of person entitled to possession of the firearm."

5. In addition, Title 26, United States Code, § 5822 states, *"*No person shall make a firearm unless he has filed with the Secretary a written application, in duplicate, to make and register the firearm on the form prescribed by the Secretary; paid any tax payable on the making and such payment is evidenced by the proper stamp affixed to the original application form: identified the firearm to be made in the application form in such manner as the Secretary may by regulations prescribe; identified himself in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; and obtained approval of the Secretary to make and register the firearm and the application form shows such approval. Applications shall be denied if the making or possession of the firearm would place the person making the firearm in violation of law."

6. On August 21, 2024, a federal grand jury sitting in the Western District of Texas, Del Rio Division returned a true bill of indictment on Consuelo Gutierrez Rodriguez, hereinafter referred to as Gutierrez, for violations of: Count One: Title 21, United States Code, §§ 841(a)(1) & (b)(1)(A) and 846, Conspiracy to Distribute & Possess With Intent to Distribute

Methamphetamine; Count Two: Title 21, United States Code, §§ 841(a)(1) & (b)(1)(A), Distribution & Possession of Methamphetamine With Intent to Distribute.

7. On August 22, 2024, Homeland Security Investigations (HSI) Del Rio Special Agents (SAs) received a federal arrest warrant for Gutierrez.

8. On August 26, 2024, HSI SAs obtained a federal premise search warrant for the address of 115 East Curtis Street, Dilley, TX 78017. The warrant was signed by a United States Magistrate Judge seated in the Western District of Texas, Del Rio, Texas and filed with the clerk's office.

9. On August 27, 2024, at approximately 1500 hours, HSI SAs executed the federal arrest warrant on Gutierrez at 115 East Curtis Street, Dilley, TX 78801. Gutierrez did not answer the door as SAs had to make entry into the residence where Gutierrez was taken into custody.

10. While inside the residence, during the arrest of Gutierrez, HSI SAs observed firearms and ammunition that were in plain view. Gutierrez stated the firearms were not hers and belonged to her boyfriend, who resides at said residence. The boyfriend was identified as, George F. Rios Jr.

11. During the execution of the arrest warrant, HSI SAs took custody of two privately manufactured .223 caliber short barreled rifles (Respondent Property).

12. On August 28, 2024, HSI SAs requested assistance from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) SA Darren Johnson in determining whether the Respondent Property was prohibited pursuant to the National Firearms Act (NFA). ATF SA Johnson analyzed the Respondent Property at the Uvalde County Sheriff Office, in Uvalde, Texas. ATF SA Johnson learned that the Respondent Property was privately manufactured and did not have manufacture markings or serial numbers. ATF SA Johnson measured the barrels for the Respondent Property and confirmed that the barrel length for both firearms were less than 16 inches. The Respondent

Property was classified as short-barreled rifles pursuant to Title 18, United States Code, § 921(a)(8).

13. ATF SA Johnson spoke to George F. Rios Jr. (hereinafter Rios Jr.) owner of the Respondent Property. Rios Jr. told ATF SA Johnson that he manufactured the Respondent Property three years ago from 80% lower receivers (incomplete firearm that houses trigger assembly). Rios Jr. stated he knew one of the Respondent Property had a 14-inch barrel and the other had a 10-inch barrel. Rios Jr. stated he did not have the Respondent Property registered with the National Firearms Register or Transfer Record. Rios Jr. further stated that he did not pay the required $200.00 tax stamp for each firearm to register and manufacture the Respondent Property.

14. ATF SA Johnson confirmed through ATF Federal Licensing Records that Rios Jr. does not have a Federal Firearms License (FFL) and did not register the Respondent Property with the National Firearms Register or Transfer Record. Rios Jr. and the Respondent Property is in violation of Title 26, United States Code, § 5861(d) because Rios Jr. did not send an application to manufacture the Respondent Property with the Secretary (Attorney General), did not register the Respondent Property with the National Firearms Register or Transfer Record, nor did he pay the required tax stamps prior to manufacturing the Respondent Property pursuant to Title 26, United States Code, §§ 5821 and 5822. ATF SA Johnson seized the Respondent Property in violation of Title 26, United States Code, § 5861(d) because Rios Jr. was in possession of the Respondent Property that was not registered to him in the National Firearms and Transfer Record.

Given the totality of the circumstances outlined herein, the facts reasonably establish that the Respondent Property was property involved in the violation of Title 26 U.S.C. § 5861(d) and is subject to forfeiture to the United States of America pursuant to Title 26 U.S.C. § 5872.

# V.
# PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Property be forfeited to the United States of America, that the Respondent Property be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

        Respectfully submitted,

        MARGARET F. LEACHMAN
        Acting United States Attorney

By: *Patricia J. Acosta*
        PATRICIA J. ACOSTA
        Assistant U.S. Attorney
        Texas Bar #90001590
        700 E. San Antonio, Suite 200
        El Paso, Texas 79901
        (915) 534-6884
        Email: patricia.acosta@usdoj.gov

        Attorneys for the United States of America

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## **VERIFICATION**

Special Agent, Darren Johnson, declares and says that:

1.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives assigned to the Del Rio Field Office. I am the investigator responsible for the accuracy of the information provided in this litigation.

2.  I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with others, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __27th__ day of February 2025.

_____
Darren Johnson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives